```
                  UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

Charles A. Russell, Administrator
of the Estate of Kathleen Skwozinski,
and Matthew Skwozinski

   v.                                 Civil No. 17-cv-078-JD
                                            Opinion No. 2017 DNH 069

Emigrant Residential, LLC

O R D E R

Charles A. Russell, as the administrator of the estate of Kathleen Skworzinski, and Matthew Skworzinski, filed a complaint against Emigrant Residential, LLC in state court to enjoin the foreclosure sale of property owned by the estate and Matthew Skworzinski.[1] Emigrant removed the case to this court. Emigrant now moves to dismiss, and the plaintiffs object.

## Standard of Review

In considering motions under Rule 12(b)(6), the court takes the factual allegations in the complaint as true and draws reasonable inferences from those facts in favor of the plaintiff's claims. Sanders v. Phoenix Ins. Co., 843 F.3d 37, 42 (1st Cir. 2016). Based on the properly pleaded facts, the

---

[1] Charles Russell is an attorney serving as the administrator of the estate and also representing Matthew Skworzinski

court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the facts as pleaded, taken in the context of the complaint and in light of "judicial experience and common sense," allow the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

The plaintiffs' objection does not comply with Local Rule 2.3(a) and Appendix A to the Local Rules, Supplemental Rules for Electronic Case Filing, 2.3(a). For that reason, the plaintiffs were directed to refile the objection by April 7, 2017. The plaintiffs failed to refile the objection.

The court may impose sanctions for a failure to comply with the local rules. LR 1.3(a). The court may also excuse a failure to comply. LR 1.3(b). In light of the outcome in this case, the court excuses counsel's failure to comply with the local rules and has considered the objection.

## Background

With the motion to dismiss, Emigrant provided a copy of the mortgage and a document showing the assignment of the mortgage. The plaintiffs do not object to those documents or dispute their contents.

In 2008, Kathleen Skwozinski, and her son, Matthew Skwozinski, Jr., executed a promissory note to Emigrant Mortgage Company, Inc. for a loan of $50,000 that is secured by a mortgage on their property at 440 Gold Street, Manchester, New Hampshire. Emigrant Mortgage assigned the mortgage to Emigrant Residential, LLC in 2011.

The Skwozinskis have defaulted on their payment obligations since 2011. A foreclosure sale of the property was scheduled for February 22, 2017.

On February 17, 2017, the plaintiffs filed two complaints on forms provided by the state court, seeking to enjoin the foreclosure sale. In describing why he is asking the court to enjoin the foreclosure sale, Russell states:

> State of N.H. is owed over $62,000 for nursing care bills. Estate will have insufficient asets [sic] remaining to make little, if any payment, on that bill. Emigrant is owed about $70,000. Property listed and assessed at two to three times amount owed to Emigrant. Risk of any loss by Emigrant is low given those facts.

Matthew Skwozinski adds that he is a half owner of the house and that his retirement funds are tied up in the house. The plaintiffs further state that they want to have the foreclosure sale enjoined so that they can proceed with a private sale of the property. The state court issued an ex parte temporary restraining order on February 17, 2017.

3

Discussion

Emigrant moves to dismiss the case on the ground that the plaintiffs do not allege any claim for relief. Specifically, Emigrant notes that the plaintiffs allege no wrong doing by Emigrant. In response, the plaintiffs acknowledge that they "are not challenging standing, faulty assignment, defective title, or other possible violations of Federal laws." Instead, the plaintiffs are asking the court to enjoin the foreclosure sale because the property would be sold for less through that process than it would in a private sale.

The plaintiffs' mortgage, which Emigrant submitted with its motion to dismiss, provides that the lender may invoke the statutory power of sale in the event of default. The plaintiffs identify no right to proceed with a private sale of property that is subject to foreclosure.[2] The plaintiffs simply argue that the court may provide them relief in equity by enjoining the foreclosure sale. Emigrant contends that equity would not support an injunction when the property has been subject to foreclosure since 2011 and the plaintiffs have been maneuvering since then to avoid a foreclosure sale.

---

[2] Charles A. Russell, who is administrator of the estate, is an attorney and is also representing Matthew Skwozinski. Therefore, the plaintiffs' pleadings are not entitled to a less stringent standard that could apply to pro se parties.

A.  Temporary Restraining Order

The ex parte restraining order issued by the state court on February 17, 2017, remained in effect when the case was removed from state court.  See 28 U.S.C. § 1450.  That order, however, has now expired.  See Fed. R. Civ. P. 65(b)(2); Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 436-37 (1974).  Therefore, the temporary restraining order no longer has any force or effect.

B.  Permanent Injunction

A plaintiff who is seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); Greene v. Ablon, 794 F.3d 133, 156 (1st Cir. 2015).

The plaintiffs here have made none of the necessary showings to support imposition of a permanent injunction.  As is noted above, the mortgage grants Emigrant the right to conduct a statutory sale in the event of default.  New Hampshire law

5

provides a process for foreclosure sales.  See RSA 479:25.  In addition to the statutory requirements, under New Hampshire common law, the mortgagee owes the mortgagor a duty "to take all reasonable and necessary steps under the circumstances to insure that a fair and reasonable price is obtained." Bascom Constr., Inc. v. City Bank & Tr., 137 N.H. 472, 475 (1993).

The plaintiffs do not dispute that they are in default, which triggers Emigrant's right to foreclose and conduct a statutory sale under RSA 479:25.  The plaintiffs have not shown that they have suffered an irreparable injury or that any future loss due to the foreclosure sale would lack a remedy at law.

The plaintiffs also acknowledge that Emigrant has done nothing wrong in handling the mortgage and the debt they owe.  As such, they have not shown that the equities in this situation would support an injunction barring the foreclosure sale of the property.  For similar reasons, the plaintiffs failed to provide a showing that the public interest would not be disserved by an injunction.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 5) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                                     Joseph DiClerico, Jr.
                                                   United States District Judge

April 10, 2017

cc:   John Harold McCann, Esq.
      Michael P. Robinson, Esq.
      Charles A. Russell, Esq.